UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN SIDNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| LUIS ALEJO, CITY OF CHICAGO, ) | Judge: |
| a Municipal Corporation, and ) | |
| ROBERT MORRIS UNIVERSITY ILLINOIS, ) | JURY TRIAL DEMANDED |
| a Not-For-Profit Corporation, ) | |
| ) | |
| Defendants. ) | |

## CIVIL RIGHTS COMPLAINT

Plaintiff, BRIAN SIDNEY, by and through his attorney, James L. Bowers, and complaining against defendants, states as follows:

## NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claims of malicious prosecution, intentional infliction of emotional distress and indemnification.

1

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§ 1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. Plaintiff BRIAN SIDNEY was and is a citizen of the United States and resides within the jurisdiction of the Court.

6. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

7. Defendant ROBERT MORRIS UNIVERSITY ILLINOIS is an Illinois Not-for-Profit Corporation and educational institution located at 401 S. State Street, Chicago, Illinois.

8. Defendant LUIS ALEJO was a police officer employed by the Chicago Police Department and was also a private security guard employed by ROBERT MORRIS UNIVERSITY ILLINOIS. At all times Defendant LUIS ALEJO was acting under color of state law and as the employee or agent of both the CITY OF CHICAGO and ROBERT MORRIS UNIVERSITY ILLINOIS. He is being sued in his individual capacity.

9. By virtue of its actions as a willful participant in joint activity with the Chicago Police Department and its employees, Defendant ROBERT MORRIS UNIVERSITY ILLINOIS was acting under color of state law.

## **STATEMENT OF FACTS**

10. On June 25, 2014, Plaintiff BRIAN SIDNEY was fifty-one (51) years of age, an alumnus of ROBERT MORRIS UNIVERSITY ILLINOIS and a recent graduate of DePaul University.

11. On June 25, 2014, Plaintiff was lawfully in the library of Defendant ROBERT MORRIS UNIVERSITY ILLINOIS, located at 401 S. State Street, Chicago, Illinois, doing research for a paper connected with his recent degree from DePaul University.

12. On June 25, 2014, the official hours of the ROBERT MORRIS UNIVERSITY ILLINOIS library were from 7:30 a.m. to 10:00 p.m.

13. At approximately 9:30 p.m. on June 25, 2014, as Plaintiff was preparing to leave the library, he was confronted by an unknown individual who Plaintiff later learned to be Defendant LUIS ALEJO.

14. Without identifying himself, Defendant LUIS ALEJO demanded to see Plaintiff's ROBERT MORRIS UNIVERSITY ILLINOIS Identification Card.

15. As Plaintiff was pulling his Identification Card out of his pocket, Defendant LUIS ALEJO forcibly grabbed the Card out of Plaintiff's hand.

16. When Plaintiff objected to the unexpected rough and disrespectful treatment, Defendant LUIS ALEJO told Plaintiff that his library privileges were being revoked and his Identification Card confiscated.

17. Defendant LUIS ALEJO further told Plaintiff that he was a police officer and that he had authority to confiscate the Identification Card.

18. Defendant LUIS ALEJO, who was not wearing a name tag, refused to provide his name to Plaintiff and told Plaintiff that he would be arrested if he did not leave the building immediately.

19. Shortly thereafter, two as yet unidentified uniformed police officers employed by the Chicago Police Department arrived at ROBERT MORRIS UNIVERSITY ILLINOIS.

20. The aforesaid officers told Defendant LUIS ALEJO to identify himself to Plaintiff, and, after he complied, the officers communicated to Plaintiff that he was free to leave, at which time Plaintiff voluntarily left the building.

21. As he was exiting the building, Plaintiff observed Defendant LUIS ALEJO having an animated conversation with the two as yet unidentified officers of the Chicago Police Department.

22. The two as yet unidentified officers then also exited the building and, while Plaintiff was on a public sidewalk, informed Plaintiff that he was being placed under arrest for the crime of trespass.

23. Plaintiff was then handcuffed and taken to the police station, where he was held for approximately five hours, until the early morning, when he was released from custody.

24. On February 7, 2015, Plaintiff's criminal case proceeded to a bench trial before the Honorable Clarence L. Burch of the Circuit Court of Cook County.

25. The only witness called by the State to testify against Plaintiff was Defendant LUIS ALEJO.

26. At the conclusion of the trial, Plaintiff was found not guilty of all criminal charges.

27. By reason of the above-described acts and omissions of the Defendants, Plaintiff sustained a loss of liberty, physical and emotional pain and suffering, humiliation, anxiety, depression, fear and other indignities, all to Plaintiff's damage.

28. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and therefore justify the awarding of exemplary and punitive damages.

29. By reason of the above-described acts and omissions , Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by the Defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C.§ 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I

### Plaintiff Against Defendants LUIS ALEJO and ROBERT MORRIS UNIVERSITY for Illegal Stop, Seizure and Arrest

30. Plaintiff incorporates and realleges paragraphs 1 – 29, as though set forth herein in their entirety.

31. The stop, seizure and arrest of Plaintiff for violation of the State crime of trespass was without probable cause.

32. The actions of the Defendant LUIS ALEJO in conspiring to charge Plaintiff with the crime of trespass, charging Plaintiff with the crime of trespass, failing to investigate the truthfulness of said allegations, and approving probable cause for the arrest of Plaintiff for the crime of trespass were arbitrary, unreasonable and without legal cause and were committed under color of law.

33. The actions of Defendant LUIS ALEJO were taken under color of law and within the scope of his employment by both the Chicago Police Department and Defendant ROBERT MORRIS UNIVERSITY ILLINOIS.

34. Defendant ROBERT MORRIS UNIVERSITY ILLINOIS is liable to Plaintiff under the theory of *respondeat superior*.

35. The actions of said Defendants violated the Fourth and Fourteenth Amendments to the United States Constitution. Therefore, Defendants LUIS ALEJO and ROBERT MORRIS UNIVERSITY ILLINIOIS are liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT II

**MONELL Claim Against Defendant CITY OF CHICAGO, a Municipal Corporation**

36. Plaintiff incorporates and realleges paragraphs 1 – 29, as though set forth herein in their entirety.

37. At all times material to this Complaint, there existed within the CITY OF CHICAGO and the Chicago Police Department a practice, policy or custom of police officers employed by the CITY OF CHICAGO of supporting the factual allegations made by each other in connection with the arrest of an individual, regardless of the known falsity of said allegations.

38. The actions of the individual Chicago Police Officers, as alleged in this Complaint, involved recurring situations and were not isolated instances of failure to act.

39. The practice, policy or custom described above was widespread, permanent, and well-settled and was known to the municipal policy-makers of the Defendant CITY OF CHICAGO and the Chicago Police Department.

6

40. By their inaction and failure to correct the above-described practice, policy and procedure, the municipal policy makers tacitly approved of, and thus indirectly authorized, the type of misconduct that Plaintiff complains of herein.

41. The actions of the individual Chicago Police Officers in arresting, charging and prosecuting Plaintiff were taken pursuant to or as a result of the aforesaid practice, policy or custom of the Defendant CITY OF CHICAGO and the Chicago Police Department and caused the violation of Plaintiff's Fourth and Fourteenth Amendment rights, as alleged in this Complaint.

42. The actions of Defendant CITY OF CHICAGO violated the Fourth and Fourteenth Amendments to the United States Constitution. Therefore, Defendant CITY OF CHICAGO is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT III

**Plaintiff Against LUIS ALEJO, the CITY OF CHICAGO and ROBERT MORRIS UNIVERSITY ILLINOIS for the State Supplemental Claim of Malicious Prosecution**

43. Plaintiff incorporates and realleges paragraphs 1 – 29, as though set forth herein in their entirety.

44. The Defendant LUIS ALEJO maliciously caused criminal charges to be filed and prosecuted against Plaintiff for the crime of trespass.

45. There was no probable cause for the institution of trespass charges against Plaintiff.

46. There was no probable cause for the continuation of the prosecution of Plaintiff.

47. The Defendant LUIS ALEJO facilitated this malicious prosecution by creating and approving false police reports, false written criminal charges, and false evidence, and making false statements under oath.

48. Plaintiff was wrongfully incarcerated as a direct result of the institution and prosecution of the criminal charges.

49. Plaintiff was injured emotionally, economically, and otherwise from the loss of liberty and related rights.

50. The criminal proceedings were terminated in Plaintiff's favor by a finding of not guilty in a bench trial on February 7, 2015, within a year of the filing of this action.

51. Defendant LUIS ALEJO is liable to Plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

52. Defendants CITY OF CHICAGO and ROBERT MORRIS UNIVESITY ILLINOIS are liable for the acts of their employees or agents pursuant to the doctrine of *respondent superior*.

## COUNT IV

**Plaintiff Against LUIS ALEJO, the CITY OF CHICAGO and ROBERT MORRIS UNIVERSITY ILLINOIS for the State Supplemental Claim of Intentional Infliction of Emotional Distress**

53. Plaintiff incorporates and realleges paragraphs 1 – 29, as though set forth herein in their entirety.

54. The acts and conduct of Defendant LUIS ALEJO as described herein were extreme and outrageous. The Defendant intended to inflict severe emotional distress or knew that there was a high probability that his conduct would do so.

55. The Defendant's conduct did, in fact, cause Plaintiff severe emotional distress by conduct that was undertaken with malice, willfulness and reckless indifference to the rights of others.

56. Defendant LUIS ALEJO is liable to Plaintiff under Illinois law for the state supplemental claim of intentional infliction of emotional distress.

57. Defendants CITY OF CHICAGO and ROBERT MORRIS UNIVERSITY ILLINOIS are liable for the acts of their employees or agents pursuant to the doctrine of *respondent superior.*

## COUNT V

### Plaintiff Against Defendant CITY OF CHICAGO
### For Indemnification (735 ILCS 10/9-102)

58. Plaintiff incorporates and realleges paragraphs 1 – 57, as though set forth herein in their entirety.

59. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

60. Defendant LUIS ALEJO was an employee of the CITY OF CHICAGO and acted within the scope of his employment in committing the misconduct described herein.

61. Defendant CITY OF CHICAGO is thus liable to Plaintiff under the theory of indemnification.

WHEREFORE, plaintiff, BRIAN SIDNEY, by and through his attorney, James L. Bowers, requests judgment as follows against the defendants, LUIS ALEJO, CITY OF CHICAGO, and ROBERT MORRIS UNIVEERSITY ILLINOIS on each and every claim:

    a. That defendants be required to pay plaintiff general damages, including lost income and emotional distress, in a sum to be ascertained at a trial of this matter;

    b.    That defendants be required to pay plaintiff special damages;

    c.    That defendants be required to pay the plaintiffs attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision;

    d.    That defendants, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages;

    e.    That defendants be required to pay plaintiff costs of the suit herein incurred, and;

    f.    That plaintiffs be granted such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated: February 8, 2016                                **/s/ James L. Bowers**
                                                                               James L. Bowers

James L. Bowers
Attorney for Plaintiff
631 N. Central Avenue
Chicago, IL 60644
(312) 343-6326